UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **NORTH JERSEY BRAIN AND SPINE CENTER,** | Civ. No. 2:13-05286 (WJM) |
| Plaintiff, | OPINION |
| v. | |
| **AETNA, INC.,** | |
| Defendant. | |

**WILLIAM J. MARTINI, U.S.D.J.:**

Plaintiff North Jersey Brain and Spine Center ("NJBSC") brings this action under the Employee Retirement Securities Act of 1982 ("ERISA") against Defendant Aetna Life Insurance Company (improperly pled as Aetna, Inc.) ("Aetna"). NJBSC seeks reimbursement for medical services that it provided for three of Aetna's subscribers. This matter comes before the Court on Defendant's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). There was no oral argument. Fed. R. Civ. P. 78(b). For the reasons set forth below, Defendant's motion to dismiss is **GRANTED**.

NJBSC is a medical practice specializing in neurosurgical procedures and treatment of the brain and spinal cord in New Jersey. (Compl., The Parties, ¶ 1.) Surgeons at NJBSC performed surgical procedures on three patients with Aetna healthcare insurance plans. (Compl., Substantive Allegations, ¶¶ 1-2.) In connection with these procedures, each patient signed an "Insurance Authorization and Assignment" form (the "Assignment Form"). (Compl. Ex. A.) The Assignment Form authorizes NJSBC to "appeal to [the patient's] insurance company on [the patient's] behalf" and "assigns to [NJSBC] all payments for medical services rendered." (Compl. Ex. A.) NJBSC alleges that Aetna authorized the three patients' procedures but then refused to pay the related claims in violation of ERISA. (Compl., Substantive Allegations, ¶¶ 2-3.) NJBSC thus seeks reimbursement for the procedures (Count One) and an award of attorney's fees (Count Two) from Aetna under ERISA. *See* 29 U.S.C. §§ 1132(a)(1)(B), 1132(g)(1). Aetna moves to dismiss, arguing that NJBSC has not demonstrated that it has standing to assert claims against Aetna for the alleged ERISA violations.

1

Standing to sue under ERISA Section 502(a), the statute's civil enforcement mechanism, is generally limited to participants or beneficiaries of ERISA plans. 29 U.S.C. § 1132(a); *Pascack Valley Hosp., Inc. v. Local 464A UFCW Welfare Reimbursement Plan*, 388 F.3d 393, 399-400 (3d Cir. 2004). NJBSC, which is not a participant or beneficiary, argues that it may sue as an assignee. In short, NJBSC argues that the assignments it received from its patients, who are participants/beneficiaries of ERISA-covered Aetna benefits plans, allow it to "stand in the shoes" of those patients in this Court.

Although the Third Circuit has not directly addressed the issue, numerous courts in this district have held that a health care provider has standing to sue under ERISA where a beneficiary or participant has assigned her right to benefits under a plan to the provider. *See Pasack Valley Hosp., Inc.*, 388 F.3d at 400 n.7 (nothing that almost every other circuit has recognized standing where the beneficiary or participant has assigned his rights to benefits to the provider); *see, e.g.*, *Franco v. Connecticut Gen. Life Ins. Co.*, 818 F. Supp. 2d 792, 807 (D.N.J. 2011) (finding that a health care provider has standing to sue if it receives an assignment of benefits). This district is split, however, on what type of assignment is necessary to confer derivative standing. Some judges, including myself, have found that more than the mere right to receive payment is needed. *See, e.g., MHA, LLC v. Aetna Health, Inc.*, No. 12-2984, 2013 WL 705612, at *3 (D.N.J. Feb. 25, 2013) (stating that any purported assignment must "encompass the patient's legal claim to benefits under the plan"); *Demaria v. Horizon Healthcare Servs., Inc.*, Civ. No. 11–7298, 2012 WL 5472116, at *4 (D.N.J. Nov. 9, 2012) (noting that the scope of the assignment is critical to determining standing). Other judges, including judges considering the exact language at issue in this case, have found that the right to recover payment is enough. *See N. Jersey Brain & Spine Ctr. v. Saint Peter's Univ. Hosp.*, No. 13-74, 2013 WL 5366400 (D.N.J. Sept. 25, 2013) (finding that an assignment containing the same language as the assignment at issue here was adequate); *Edwards v. Horizon Blue Cross Blue Shield of New Jersey*, No. 08-6160, 2012 U.S. Dist. LEXIS 105266 (D.N.J. June 4, 2012) ("Accordingly, the assignment of the right to reimbursement here confers derivative standing under ERISA.").

This Court remains persuaded that more than the right to payment is necessary to confer derivative standing under ERISA. Rather, the assignment must include the patient's legal claim to benefits under the plan. The Assignment Form here, which includes only the right to payment and the right to appeal to Aetna on the patient's behalf, is therefore insufficient.[1] Accordingly, Aetna's motion to dismiss is **GRANTED**.

---

[1] Aetna also argues that NJBSC failed to exhaust its administrative remedies under ERISA. As the Court finds that NJBSC has not demonstrated that it has standing under ERISA, it need not reach this issue. However, the Court notes that the Complaint contains facts alleging that NJBSC "appealed to Aetna" and that Aetna "has provided only incomplete or evasive responses to [NJSBC] and/or has refused to pay any fees." Compl. ¶ 4. These allegations would likely be enough to survive a motion to dismiss under Rule 12(b)(6). To the extent that Aetna argues that NJSBC failed to follow the two-step appeal procedure under the applicable plans, the Court notes that "[a]n argument that relies on proof of facts outside the Complaint cannot succeed on a motion to dismiss*." Rehab. Inst. of*

Counts One and Two are **DISMISSED WITHOUT PREJUDICE**.  The Court shall grant NJBSC thirty days to file an Amended Complaint consistent with this Opinion.  An appropriate order follows.

           /s/ William J. Martini
     **WILLIAM J. MARTINI, U.S.D.J.**

**Date: March 6, 2014**

---

*N. Jersey, Inc. v. Home Depot Inc.*, No. 12-4035, 2012 WL 5944658, at *2 (D.N.J. Nov. 27, 2012)